UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WAYNE CLARK,<br><br>                    Petitioner,<br><br>         v.<br><br>LARRY SMALL, Warden,<br><br>                    Respondent. | Civil No.   09cv0063 LAB (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS AND RESPONDENT'S MOTION TO DISMISS** |

## I. INTRODUCTION

Jason Wayne Clark, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges the September 5, 2007 decision by the California Board of Parole Hearings ("Board"), which denied his release on parole. Petitioner pled guilty to murder in the second degree. He contends the Board violated his rights under the Due Process Clause when it: (1) breached his plea agreement by considering his prior criminal history; (2) breached his plea agreement by considering the facts of the commitment offense; (3) denied him parole without a specific reason; and (4) denied him parole for a total of six years past his minimum eligible parole date.

The Court has considered the Petition, Respondent's Answer, Petitioner's Traverse, and all the supporting documents submitted by the parties. Based on the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends the Petition be **DENIED**. Because the

Court finds the Petition should be denied, the Court further recommends Respondent's motion to dismiss Ground One of the Petition be **DENIED as moot**.

## II. BACKGROUND

On December 2, 1993, Petitioner pled guilty to murder in the second degree, in violation of California Penal Code section 187. (Petitioner's Exhibit C at 1.) Petitioner stabbed a woman to death over a $40.00 debt. (Lodgment No. 2 at 62.)[1] As part of the plea agreement, the prosecution agreed to strike the enhancement for use of a knife, under Penal Code section 12022(b), and to strike a prior felony conviction. (Exhibit C at 1.) On February 3, 1994, Petitioner was sentenced to state prison for an indeterminate term of 15 years to life. (Lodgment No. 7.) Pursuant to the plea agreement, Petitioner waived any right to appeal from his conviction and judgment. (Exhibit C at 2.)

Petitioner's initial parole consideration hearing took place September 5, 2007. (Exhibit A at 1.) He was found unsuitable for parole and was denied parole for a period of four years. (*Id*. at 5-6.) The decision became final January 3, 2008. (*Id*. at 9.)

On January 30, 2008, Petitioner challenged the Board's September 5, 2007 decision in a petition for writ of habeas corpus filed in the San Bernardino County Superior Court. (Lodgment No. 1 at 10-16.) The state petition raised the same four grounds for relief presented in the instant federal petition. On February 7, 2008, the Superior Court denied the petition. (Lodgment No. 2 at 2.) On April 2, 2008, Petitioner filed a state habeas petition in the California Court of Appeal, Fourth Appellate District, Division Two. (Lodgment No. 3.) The petition presented the same four grounds for relief as the earlier petition.[2] (Lodgment No. 3 at 71-77.) The Court of Appeal summarily denied the petition on April 9, 2008. (Lodgment No. 4.) On June 11, 2008, Petitioner filed a state habeas petition in the California Supreme Court, which presented the same four grounds for relief, as well as objections to the Superior Court and Court of Appeal orders. (Lodgment No. 5 at 136, 143-54.) The California Supreme Court summarily denied the petition November 12, 2008. (Lodgment No. 6.)

---

[1] Although the lodgments are numbered separately, the pages of the lodgments are numbered consecutively, from Lodgment No. 1 through Lodgment No. 5.

[2] The petition listed a fifth ground for relief, but this "ground for relief" consisted solely of Petitioner's objections to the Superior Court's order and did not present any new arguments. (Lodgment No. 3 at 78-80.)

The instant federal petition was filed January 6, 2009. (Doc. No. 1.) Respondent answered on March 30, 2009. ( Doc. No. 10.) Petitioner filed a traverse on April 27, 2009. (Doc. No. 13.) On May 8, 2009, Respondent filed a motion to dismiss Ground One of the Petition, arguing that the claim is unexhausted and time-barred. (Doc. No. 15.) Respondent did not lodge a copy of the transcript from Petitioner's plea hearing because the San Bernardino County Superior Court no longer has the reporter's notes or transcripts from Petitioner's case. (Lodgment No. 8.)

### III. DISCUSSION

Petitioner contends the Board violated his rights under the Due Process Clause when it: (1) breached his plea agreement by considering his prior criminal history; (2) breached his plea agreement by considering the facts of the commitment offense; (3) denied him parole without a specific reason; and (4) denied him parole for a total of six years past his minimum eligible parole date.[3] Respondent did not address these grounds for relief individually, but rather argued generally that the state court's decision was not objectively unreasonable. Respondent relied almost exclusively upon conclusory statements, such as "this record satisfied the low evidentiary standard of *Hill*," (Answer at 9), or "[t]he evidence underlying the state court's ruling goes beyond the 'meager' evidence that was constitutionally sufficient in *Hill*," (Answer at 9), without citing to any part of the record to support the assertion. Respondent is admonished that in the future factual assertions must be supported with citations to the record.

### A.     Standard of Review

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).

---

[3] Petitioner also claims several times throughout the Petition that the Board's decision to deny him parole violated the *Ex Post Facto* Clause of the United States Constitution. This Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts. *Collins v. Youngblood*, 497 U.S. 499, 43 (1990). Petitioner has failed to point to any legislative act which retroactively altered the definition of his crime or increased the punishment for his criminal acts.

///

The current Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was <u>adjudicated on the merits</u> in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (emphasis added).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Lockyer*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). A state court, however, need not cite Supreme Court precedent when resolving a habeas corpus claim. *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]," the state court decision will not be "contrary to" clearly established federal law. *Id.*

### B. Grounds One and Two

Petitioner's first two grounds for relief contend the Board violated his plea agreement when it

considered his prior felony convictions and the facts of the commitment offense in finding him unsuitable for parole. Plea agreements are contractual in nature and are construed using the ordinary rules of contract interpretation. *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006); *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003). Courts will enforce the literal terms of the plea agreement but must construe any ambiguities against the government. *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The essence of any such promise must in some way be made known on the record. *See id.* at 262-63. In construing a plea agreement, this Court must determine what Petitioner reasonably believed its terms were at the time of the plea. *Franco-Lopez*, 312 F.3d at 989.

Petitioner has not demonstrated that the Board violated his plea agreement by considering his prior criminal history and the facts of the commitment offense in finding him unsuitable for parole. It appears Petitioner believed that because the sentencing enhancements for a prior strike and for the use of a knife during the commission of the murder were dismissed pursuant to the plea, that the Board would not consider Petitioner's criminal history or the facts of the commitment offense in determining his suitability for parole. There is nothing in the record, however, indicating the prosecutor made a promise that the Board would be somehow limited in determining Petitioner's suitability for parole as a result of his plea agreement. Petitioner himself acknowledges "the plea did not specifically mention the parole board or limitations on said board," and "the District Attorney never mentioned the parole board in the pleading [sic]." (Traverse at 4-5.) Rather, he claims the prosecutor "knowingly allowed the illusion of relief" because the prosecutor was aware that parole boards consider a prisoner's criminal history and the facts of the commitment offense in determining suitability for parole. (Petition, Grounds One and Two.)

This Court may not grant habeas relief based upon Petitioner's unsupported belief that the dismissal of sentencing enhancements would result in the Board not considering his criminal history and the nature of the commitment offense in determining his suitability for parole. Petitioner, who was represented by counsel, bargained for the dismissal of two sentencing enhancements in exchange for

pleading guilty on the sole count of murder in the second degree with a maximum possible sentence of fifteen years to life. (Exhibit C at 1-2.) Pursuant to the plea agreement, the sentencing enhancements were dismissed and Petitioner was sentenced to fifteen years to life. (Lodgment No. 7.) Petitioner, therefore, received the benefit of his bargain. The state court's decision to reject Petitioner's claim in this regard is not contrary to, or an unreasonable application of federal law, nor is it based on an unreasonable determination of the facts in this case. Accordingly, this Court recommends Grounds One and Two of the Petition be **DENIED**.[4]

### C. Ground Three

Petitioner argues the Board violated his right to Due Process when it denied his request for parole in part because the commitment offense was "carried out in an especially cruel and callous manner," which he claims is a finding the Board makes in every murder. Liberally construed, it appears Petitioner contends the Board's decision was not supported by "some evidence."

As a matter of federal due process, California inmates do possess a liberty interest in parole. *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007). In California, the setting of a parole date is conditioned on the Board determining a prisoner is suitable for parole. Cal. Penal Code § 3041; Cal. Code Regs. tit. 15, §§ 2401, 2402. The Ninth Circuit has held that "the Supreme Court [has] clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence in the record.'"[5] *Id*. at 851. "Some evidence" is "any evidence in the record" that supports the Board's decision. *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006). The "some evidence" standard is deferential, but it ensures that "the record is not so devoid of evidence that the findings of [the board] were without

---

[4] To the extent it can be construed that Petitioner contends his plea agreement was breached because it was induced by illusory promises, such a claim also fails. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262. The essence of any such promise, however, must in some way be made known on the record. *See id*. at 262-63. As discussed above, on the basis of this record, there is no indication any promises were made to somehow limit the discretion of the parole board.

[5] Respondent argues this Court is not bound by that determination because the Supreme Court itself has not concluded the "some evidence" standard applies to parole board hearings. Respondent's argument is unavailing. This Court will not substitute its judgment for that of the Ninth Circuit with respect to whether the "some evidence" standard is clearly established federal law for purposes of parole board hearings.

support or otherwise arbitrary." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).  Determining whether the "some evidence" requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*.  What constitutes "some evidence" is determined according to state law.  *Irons*, 505 F.3d at 851.

Here, the Board found Petitioner was unsuitable for parole in light of the following circumstances: (1) the nature of Petitioner's commitment offense, in which Petitioner chose to settle a reported drug debt with the victim, who was not a threat to Petitioner, by stabbing her in the neck, not seeking aid for her, and ultimately allowing her to die; (2) his escalating criminal history—progressing from juvenile probation, to juvenile camp, county jail, and then to adult probation; (3) his institutional behavior, which included fifteen serious disciplinary reports and six counseling chronos; and (4) Petitioner's psychological profile.  (Exhibit A at 6-7.)  Under California law, these were all proper considerations for the Board to take into account in determining whether Petitioner was suitable for parole.  *See* Cal. Code Regs. tit. 15, §§ 2402(b)(c).  Because the Board's decision was supported by "some evidence," the state court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court law.  Accordingly, this Court recommends Ground Three of the Petition be **DENIED**.

### D. Ground Four

Petitioner contends his Due Process rights have been violated because the Board has denied him parole six years beyond his minimum eligible parole date.  The mere fact Petitioner was denied parole, however, does not constitute a Due Process violation.  Petitioner was sentenced to an indeterminate sentence of fifteen years to life.  Petitioner is therefore eligible for release at the discretion of the parole board.  *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9-10 (1979).  While Petitioner does possess a liberty interest in parole, Due Process is satisfied so long as the Board's decision to deny Petitioner parole was supported by "some evidence."  *Irons*, 505 F.3d at 850-51.  As discussed above, Petitioner's denial of parole was supported by "some evidence."  Accordingly, this Court recommends Ground Four of the Petition be **DENIED**.

### IV.  CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Larry A.

Burns under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition in its entirety.

**IT IS ORDERED** that no later than **August 3, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **10 days after being served with the objections**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: July 2, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge