# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON W. CLARK,<br><br>                 Petitioner,<br>vs.<br><br>LARRY SMALL, Warden,<br><br>                 Respondent. | CASE NO. 09cv0063-LAB (CAB)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION** |

**I.     Introduction**

Jason Wayne Clark, a prisoner in state custody, filed a petition for writ of habeas corpus (the "Petition") in this Court on January 6, 2009. Pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) and (d), the Petition was referred to Magistrate Judge Cathy Ann Bencivengo for a report and recommendation.

Respondent answered the Petition on March 30, 2009, and Clark filed a traverse on April 27, 2009. Then, on May 8, 2009, Respondent moved to dismiss the Petition. Clark did not file an opposition, and on July 6, 2009 Judge Bencivengo issued her report and recommendation (the "R&R"), which recommended that the Petition be denied and Respondent's motion to dismiss be denied as moot. Clark did file a timely objection to the R&R.

## II. Factual Background

The R&R does a thorough job of reciting the facts of this case, but some of them are worth repeating here. Clark stabbed a woman to death over a $40.00 debt, and on December 2, 1993 he pled guilty to second degree murder. As part of his plea agreement, the prosecution agreed to strike enhancements for Clark's use of a knife and his having a prior felony conviction. On February 3, 1994, Clark was sentenced to state prison for an indeterminate term of 15 years to life. He began to serve his sentence on February 14, 1994. His minimum eligible parole date was January 2, 2006.

In 2007, well over a decade after Clark was sentenced, he was eligible for parole for the first time. His initial parole hearing took place on September 5, 2007, and he was found unsuitable for parole for a period of four years. This decision became final on January 3, 2008, and it is this decision that Clark challenges in his Petition.

## III. Legal Standards

A district court has jurisdiction to review a Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). In other words, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because Clark is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## IV. Discussion

The essence of Clark's Petition is that his due process rights were violated by the parole board because, in denying him parole, it considered certain factors that his plea

agreement, for sentencing purposes, took off the table.  For example, the parole board looked at Clark's criminal history, even though his plea agreement struck an enhancement based upon a  prior felony conviction.  Clark also believes, as a more general matter, that the parole board's decision to deny him parole for a period of 4 years was categorically unreasonable.

Although Clark filed an objection to the R&R, and although his individual objections ostensibly address the R&R head-on, Clark mostly reiterates in a conclusory fashion the same four grounds for relief alleged in his Petition. The Court will consider each one in turn nonetheless.

### 1. Clark's Prior Convictions

Clark's first due process claim challenges the parole board's consideration of his criminal history in deeming him unsuitable for parole.  Because he pled guilty pursuant to a plea agreement that struck a sentencing enhancement based upon his past convictions, Clark has the expectation that the parole board could not and would not take those convictions into account.  Instead, the parole board took notice of Clark's record and found "an escalating pattern of criminal conduct and a failure to profit from society's previous attempts to correct his criminality, specifically juvenile probation, juvenile camp, adult probation and county jail." (Pet., Ex. A.)

The R&R is right: plea agreements are contracts, construed using the ordinary rules of contract interpretation, and Clark "has not demonstrated that the [Parole] Board violated the plea agreement by considering his prior criminal history . . . in finding him unsuitable for parole." (R&R at 5.) Indeed, nothing in the record suggests that Clark's plea agreement was intended to bind the parole board when the time came to make a suitability determination. To the contrary, as the R&R points out, Clark was aware, in his own words, that "the plea did not specifically mention the parole board or limitations on said board."  It isn't plausible that Clark's prosecutor would bargain away the rights and duties of a parole board with a plea agreement that is entered into years before a suitability determination will be made.   Nor would that square with the understanding that "there is no constitutional limit on what

evidence a parole board may consider, only a requirement that its decision be supported by some reliable evidence." *Sanders v. Kane*, No. C 04-2886, 2008 WL 4680070 at *5 (N.D. Cal. 2008) (citing *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005)).

Thus, Clark's argument in his objection to the R&R that "the parole board used allegations that were not presented as evidence in a state court" is fundamentally misguided. That is what parole boards often do. Not only is there no constitutional limit to what a parole board may consider in reaching its decisions, provided those decisions are based upon reliable evidence, California parole law explicitly provides, at least for those guilty of murder, that "[a]ll relevant, reliable information available to the panel shall be considered in determining suitability for parole." *See* Cal. Code Regs. tit. 15, § 2402. Moreover:

> Such information shall include the circumstances of the prisoner's social history; past and present mental state; *past criminal history*, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

*Id.* (emphasis added). California law is relevant to Clark's federal habeas claim because the Supreme Court has recognized a federally-protected liberty interest in the expectation of release on parole arising from state parole statutes. *See Greenhotlz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 12 (9179).

In the final analysis, habeas relief cannot be granted unless the state court's decision to reject Clark's due process claims was contrary to, or an unreasonable application of existing federal law, or unless it was based on an unreasonable determination of the facts in this case. 28 U.S.C. 2254(a). Existing federal law requires that Clark be provided an opportunity to be heard and a statement of reasons for the parole board's decision, *Greenholtz*, 442 U.S. at 16, and that the decision be supported by "some evidence" in the

record, *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127-28 (9th Cir. 2006).[1]
These standards were met, and Clark's objection is therefore **OVERRULED**.

### 2. The Facts of Clark's Crime

Clark makes the exact same argument with respect to the facts of his commitment offense as he does with his criminal history. The plea agreement under which he was sentenced dropped an enhancement for Clark's use of a knife to murder his victim, but the parole board considered the fact that he "chose to settle a reported drug debt with the victim, who was not a threat to Petitioner, by stabbing her in the neck, not seeking aid for her, and ultimately allowing her to die." (R&R at 7.)

The above analysis applies. The plea agreement did not bind the parole board, and the parole board, in turn, did not violate Clark's due process rights by taking the nature of his underlying crime into account. Clark's objection is therefore **OVERRULED**.

### 3. Evidence for Parole Board's Decision

Clark's third due process claim attacks the parole board's decision more generally, arguing it was arbitrary because the parole board *always* finds that a commitment offense was "carried out in an especially cruel and callous manner." (R&R at 6.) In his objection to the R&R, Clark makes the argument in a slightly different way: "However it is obvious that when the parole boards [sic] only recommendation is 'to continue' and only rely [sic] on a sixteen year old commitment offense their decision is arbitrary . . . ." (Obj. at 4.)

There is no doubt that Clark is vested with "a constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest that is protected by the procedural safeguards of the Due Process Clause." *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007). *See also Greenholtz, supra.* In *Irons*, the Ninth Circuit further held that "the Supreme Court [has] clearly established that a parole board's decision deprives a prisoner of due process

---

[1] To be fair, the applicability of the "some evidence" standard is uncertain. The Ninth Circuit held in *Sass* that the "some evidence" standard was clearly established federal law, applicable to state parole proceedings for AEDPA purposes, but the standard has not been applied to parole hearings by the Supreme Court. *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008), now pending before the Ninth Circuit following a rehearing en banc, will address this question.

with respect to this interest if the board's decision is not supported by 'some evidence in the record.'" *Id.* at 851 (citing *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006)).

The R&R cites four reasons, unique to Clark's case, that he was found unsuitable for parole. (R&R at 7.) Two of those have already been discussed here: his escalating criminal history and the nature of his commitment offense. The others were his behavior in custody (fifteen disciplinary reports) and his psychological profile. Under California law, particularly § 2402 quoted at length above, these were all proper considerations for the parole board. The parole board's decision was, in fact, supported by "some evidence" specific to the circumstances of Clark's offense and confinement, and for this reason the state court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court law. Clark's objection is **OVERRULED**.

### 4. Length of Clark's Parole Denial

Clark's fourth due process claim is a variant on his third: He takes issue with the parole board's finding that "it is not reasonable to expect that parole would be granted during the next four years" on the grounds that this means he will have been denied parole for six years beyond his minimum eligible parole date.[2]

Contrary to what Clark argues in his objection to the R&R, the "nature of the 'some evidence' standard," as Clark puts it, is not arbitrary. Clark was given an indeterminate sentence of 15 years to life, and his release on parole is therefore contingent on a decision of the parole board that he is suitable for parole. The transcript of the parole board's hearing that Clark has attached to his Petition makes very clear what its reasons were for finding him unsuitable, and each of those four reasons is valid. The parole board's decision to deny

---

[2] To repeat the relevant dates, Clark's minimum eligible parole date was January 2nd, 2006. The parole board found on September 5th, 2007 that Clark should not be paroled for another four years, taking his current eligible parole date to September 5th, 2011. So, six years is not exactly right; Clark has now been denied parole for 5 years, 8 months, and 3 days beyond his minimum eligible parole date. Clark also alleges in his petition that there was a "previous postponement of two years," but the Court does not know what to make of that given that the record suggests the parole decision at issue came out of Clark's "initial parole consideration hearing."

Clark parole was based on "some evidence," *see Irons*, 505 F.3d at 850-851 and therefore afforded Clark the process he was due. His objection is **OVERRULED**.

## V.     Conclusion

While Clark's Petition is misguided, it is not frivolous. The Court well understands where he is coming from. It is unclear what Clark's sentencing exposure would have been had the prosecutor not dropped a criminal history and a weapon enhancement against him, but there is no doubt that the parole board's decision has the potential to effectuate that very enhancement, or some fraction of it, resulting in a longer sentence than Clark believes he bargained for.

The fact remains, however, that the plea agreement Clark entered into made no mention of what a parole board may consider years down the road, and the parole board decision Clark's Petition puts at issue respected his due process rights – namely the right to have a parole decision be based on "some evidence." There is simply nothing here that is "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Court **OVERRULES** Clark's objections and **ADOPTS** the R&R.

## VI.    Clark's Request to Amend the Petition

In his objection to the R&R, Clark asks for leave to amend his Petition to incorporate two new claims – first, that he did not knowingly enter into his plea agreement, and second, that his guilty plea was the result of ineffective assistance of his counsel. Habeas petitions may be amended as provided in Fed. R. Civ. P. 15, *see* 28 U.S.C. § 2242, and Rule 15 encourages the Court to give leave to amend "when justice so requires." The Court can't ignore this request merely because these claims appear, for the first time, in an objection to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742 (9th Cir. 2002).

Leave to amend should be freely given in the absence of a good reason not to allow amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). With respect to Clark's new claims, however, there are likely exhaustion and statute of limitations barriers to the Court considering the claims he wishes to add to his Petition. Those claims were not raised in his

state habeas petition, and it appears that well over one year has passed – even taking statutory tolling into account – since the parole board's decision became final and Clark was aware that he could raise the habeas claims that he now seeks to raise at this late juncture. Clark was appraised of these issues in a "NOTICE REGARDING POSSIBLE FAILURE TO EXHAUST AND ONE-YEAR STATUTE OF LIMITATIONS" that was sent to him on January 22, 2009. (Dkt. No. 8.) Clark is therefore **ORDERED** to show cause why leave to amend his Petition should be granted in this case. He must do so within 30 days of the date he receives this Order in the mail. The government may file a response within 14 days of the date Clark's pleading is filed.

**IT IS SO ORDERED**.

DATED: November 18, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge