1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON W. CLARK, | CASE NO. 09cv0063-LAB (CAB) |
| Petitioner, | **ORDER DENYING LEAVE TO** |
| vs. | **AMEND PETITION** |
| LARRY SMALL, Warden, | |
| Respondent. | |

16    In his original habeas petition, Petitioner Jason W. Clark alleged that the California

17  Board of Parole violated his due process rights by denying him parole.  Clark maintained: (1)

18  The Board considered certain factors that were outside of his plea agreement (e.g., his prior

19  criminal history and the fact that he used a knife in his commitment offense); and (2) the

20  Board lacked sufficient justification for its decision.  The Court, following the R&R, denied

21  Clark's petition on the merits, but in his objection to the R&R Clark sought leave to amend

22  the petition to incorporate two new claims.  The first is that he did not knowingly enter into

23  his plea agreement, and the second is that his guilty plea was the result of ineffective

24  assistance of counsel.  When it denied his petition on the merits, the Court ordered Clark to

25  show cause why leave to amend should be granted.  He then filed a motion for stay and

26  abeyance, seeking to exhaust his new claims in state court.

27    A stay and abeyance may be appropriate in limited circumstances for mixed petitions

28  that contain both exhausted and unexhausted claims.  *Wooten v. Kirkland*, 540 F.3d 1019,

1    1023 (9th Cir. 2008) (citing *Rhines v. Weber*, 544 U.S. 269, 273–75, 277–78 (2005)).  This

2    would allow a petitioner to "present his unexhausted claims to the state court without losing

3    his right to federal habeas review due to the relevant one-year statute of limitations." *Id.*  But

4    Clark's habeas petition was not mixed.  Rather, it advanced four claims, and the two claims

5    he now wishes to add were advanced for the first time in his objection to the R&R.  Clark's

6    motion for stay and abeyance is not responsive, then, to the Court's order, when it adopted

7    the R&R, to show cause why he should be granted leave to *amend* his petition.  The new

8    claims are also untimely, given the late stage that he raised them.  Clark's parole hearing

9    took place on September 5, 2007.  Clark waited almost 5 months to file a state habeas

10   petition, and when that was denied in November 2008 he waited another two months to file

11   his federal petition.  His objection to the R&R wasn't filed until July 2009, taking him well

12   beyond the one year he's allowed to present habeas claims in federal court, even accounting

13   for tolling while his state habeas petition was pending.[1]  *See King v. Ryan*, 564 F.3d 1133,

14   1141 (9th Cir. 2009) (citing *Duncan v. Walker*, 533 U.S. 167 (2001)) (filing of a federal

15   habeas petition doesn't toll the AEDPA statute of limitations).  The Court specifically ordered

16   Clark to show why his claims are not time-barred (Doc. No.26), and he has failed to do so.[2]

17

18   [1] Clark did not attempt to amend his petition in his traverse (Doc. No.13).  Moreover, Clark received notice from the Court on or around January 22, 2009, informing him of

19   AEDPA's one-year statute of limitations and the rules governing exhaustion of claims. (Doc. No. 8.)  That notice explicitly warned: "However, Petitioner should consider that if state court

20   remedies have not been exhausted, 'the clock may be ticking' on his one-year statute of limitations." (*Id.* at p. 3.)

21

22   [2] On April 24, 2009, after the government answered Clark's petition, Magistrate Judge Bencivengo observed "it appears Petitioner claims he did not knowingly enter a plea," and

23   she ordered the respondent to lodge with the Court a copy of the transcript from the plea hearing. (Doc. No. 12.)  Clark argues that it wasn't until then that he became aware of his additional claims and that he should have been instructed by Judge Bencivengo to amend

24   his petition at the time.  The Court rejects this argument.  First, Judge Bencivengo's *characterization* of Clark's claim doesn't, in the least, imply there is a factual basis for such

25   a claim.  Second, Judge Bencivengo didn't suggest Clark had an *additional* claim for not knowingly entering into a plea; that was just her way of characterizing the timely and

26   exhausted claims in Clark's petition.  Third, and most importantly, the claims Clark now wishes to add to his petition are not so categorically distinct from his original claims that it is

27   unreasonable to have expected that he would allege them originally.  If Clark  had the sophistication to allege that the Board of Parole breached the terms of his plea agreement,

28   and that its decision was objectively unreasonable, surely he had the sophistication to allege that he didn't knowingly enter into the plea agreement and that his lawyer's assistance was

1  His request for leave to amend his petition is therefore **DENIED**.

2       As to Clark's original four claims, the Court **DENIES** him a certificate of appealability.

3  Those claims are not "debatable among jurists of reason" and do not "deserve

4  encouragement to pursue further." *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007)

5  (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  As to Clark's first two claims

6  alleging a breach of his plea agreement, Clark's subjective understanding of the plea

7  agreement, or intent in entering into it, cannot override the words of the document. *Buckley*

8  *v. Terhune*, 441 F.3d 688, 695 (9th Cir. 2006) (citing principles of contract interpretation

9  under California law).  And, Clark concedes that "the plea did not specifically mention the

10  parole board or limitations on said board," and "the District Attorney never mentioned the

11  parole board in the pleading."  (Traverse at 4–5.)  *See Thompson v. Watson*, 2009 WL

12  800932 at *4 (E.D. Cal. 2009) (R&R finding that habeas petitioner "must demonstrate that

13  the parole board's denial of parole violates an express promise made in connection with

14  Petitioner's acceptance of the plea agreement").  As to Clark's second two claims challenging

15  the parole board's decision on the merits, the Supreme Court has recently restricted the

16  bases on which claims arising out of parole proceedings are cognizable on federal habeas

17  review. *See Swarthout v. Cooke*, 562 U.S. ___ (2011).  *Swarthout* held that the due process

18  protections in the context of parole are "minimal"; they include an opportunity to be heard and

19  a statement of reasons why parole is denied. *Id.*  Clark received both of those.

20       **IT IS SO ORDERED**.

21  DATED: February 23, 2011

22  **HONORABLE LARRY ALAN BURNS**
23  United States District Judge

24

25

26

27  ─────────────

28  ineffective.  In other words, neither of Clark's new claims draw upon facts that weren't
available to him at the time he filed his petition, which cuts against granting him leave to
amend.